# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LATHAN STEVEN WARD,<br><br>      Plaintiff,<br>v.<br><br>KENOSHA POLICE DEPARTMENT, DETECTIVE BUREAU, JENNIFER A. PHAN, OFFICER PETER FALK, TYLER SCHEND, TIMOTHY A. SCHAN, THOMAS A. HANSCHE, SGT. NICHOLS, JEREMY M. DEWITT, BRENNAN, SHESKEY, PARO, MORTON, KOSS, FISH, CURI, THORNE, and BAUER,<br><br>      Defendants. | Case No. 19-CV-122-JPS<br><br>**ORDER** |

  Plaintiff Lathan S. Ward, an inmate at Kenosha County Detention Center, filed a complaint *pro se* under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (Docket #1). This matter is before the court on the plaintiff's motion to proceed without prepayment of the civil case filing fee and for screening of his complaint (Docket #2). This case was assigned to U.S. Magistrate Judge David E. Jones; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court judge for the limited purpose of screening the complaint.

**1.  Motion to Proceed without Prepayment of the Filing Fee**

  The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One

of those requirements is that the prisoner pay an initial partial filing fee. On February 6, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $2.48. (Docket #6). The plaintiff paid the fee on February 26, 2019. As such, the court will grant the plaintiff's motion. He will be required to pay the remainder of the $350 filing fee over time in the manner described at the end of this Order.

**2.    Screening of the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of*

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1 Allegations in the Complaint

The plaintiff alleges that on August 21, 2018, "Peter Falk #384 and multiple other parties" improperly executed an "unlawful no knock search warrant" at his mother's home—a place he says he resides but mostly uses for mailing purposes. (Docket #1 at 3). He was, assumedly, subsequently arrested because he states he was still being held on a $50,000 bond despite the victim picking someone else out of the photo lineup. *Id.* He also says that the search was executed using intimidation and that it caused him pain, suffering, and shame and damage to the front door of his mother's home and his property in his bedroom. *Id.* at 3–4. He also claims that the officers robbed him of his property. *Id.* at 4. The plaintiff seeks expungement of his juvenile and adult criminal records, his child support paid for life, to be immediately released from prison, and compensatory and punitive damages. *Id.* at 5.

### 2.2 Analysis

The plaintiff asserts that the defendants violated his Fourth Amendment rights when they executed a no-knock search warrant of his residence and subsequently arrested him. The plaintiff, however, does not disclose whether the charges that were brought against him were dropped, if they are still pending, or if he was convicted of the crime. Thus, his constitutional claims may be *Heck* barred because such a claim for damages may not be pursued if its success would necessarily imply the invalidity of

the criminal conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).[1]

Moreover, while the court is aware that *Heck* is not an automatic bar to Fourth Amendment claims related to conduct underlying a conviction, *Wallace v. Kato*, 549 U.S. 384, 394 (2007), the plaintiff's allegations seem to be insufficient to state such claims. He acknowledges that the officers entered and searched his home pursuant to a search warrant. He does not challenge the adequacy of the warrant or assert that the officers exceeded the scope of the warrant. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (noting that executing a warrant that is obviously deficient in its particularity, or interpreting a valid warrant as giving license to rummage wherever police would like, likely violates the Fourth Amendment); *see Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *see also Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003) (noting that knowingly lying in a warrant application violates the Fourth Amendment's protection against unreasonable searches and seizures, if the officer's false statements were necessary to the determination that a warrant should issue).

The plaintiff does assert that the officers executed the search in an unreasonable manner. Indeed, "searches must be conducted in a reasonable manner" and not in an "abusive fashion." *Bell v. Wolfish*, 441 U.S. 520, 560

---

[1]The Court has located, via publicly available court records, what appears to be an ongoing criminal action against the plaintiff in Kenosha County Circuit Court. *See State of Wisconsin v. Lathan S. Ward*, 2018-CF-908, *available at*: https://wcca.wicourts.gov. Given the plaintiff's unique name, and the fact that the criminal case was opened on August 23, 2018, just two days after the execution of the search warrant, the Court is confident that the criminal action is directed at this plaintiff. The records show that he was recently found guilty at trial of a number of felonies. Thus, *Heck* would apply to bar the instant claims, at least until the plaintiff is successful in having his convictions overturned.

(1979); *see Del Raine v. Williford*, 32 F.3d 1024, 1040 (7th Cir. 1994) (quoting Bell, 441 U.S. at 560). However, the plaintiff alleges only that the officers used intimidation as they were armed when they entered his residence and that they damaged his door and some of his personal property. It is not unexpected for officers to be armed when executing a search warrant, or when on duty for that matter. Also, the harm to the plaintiff's door and personal property was likely due to the officers effectuating the "no-knock search warrant," the warrant plaintiff acknowledges they possessed.[2]

Most of the remainder of the plaintiff's complaints, including issues with a line-up, bond, and alleged evidentiary failings are matters to be raised in his criminal case. Finally, Plaintiff seeks multiple forms of relief that this Court cannot grant in a Section 1983 civil rights case. The Court cannot expunge any criminal records or order any payments of child support. More importantly, Plaintiff may only seek release from prison via a petition for a writ of *habeas corpus*. *Whitfield v. Howard*, 852 F.3d 656, 661 (7th Cir. 2017). Such a petition may only be filed in this Court after Plaintiff has exhausted his efforts to vacate his sentence in state court.

For all of the above reasons, this action will be dismissed for the plaintiff's failure to state any claims upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is **GRANTED**;

---

[2]It is not surprising that the officers would have such a warrant. The criminal case against the plaintiff involves multiple force-related felonies which include the use of firearms.

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that the plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge